UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SAMUEL CHOINACKI,

               Plaintiff,

             - against -

MATERIALS TRANSPORTATION COMPANY,

               Defendant.
---------------------------------------------------------------x

**REPORT AND**
**RECOMMENDATION**

**20-CV-5866 (RPK)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

This personal injury action was removed from state court on December 3, 2020, by

defendant Materials Transportation Company ("defendant"), on the ground that the parties are

citizens of different states and the amount in controversy exceeds $75,000.  See Notice of

Removal (Dec. 3, 2020) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1.   For the

following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to

Supreme Court, Queens County, for lack of jurisdiction.

**DISCUSSION**

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time

for lack of subject matter jurisdiction.   See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.,

435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d

Cir. 1993); 28 U.S.C. § 1447(c).   The party seeking removal to federal court bears the burden of

establishing that the requirements for diversity jurisdiction have been met.   See Mehlenbacher v.

Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v. Human Affairs Int'l, Inc., 28

F.3d 269, 273 (2d Cir. 1994).

In the instant action, the Notice of Removal provides an insufficient basis for concluding

that the amount in controversy satisfies the jurisdictional threshold.   The Notice contains only a

conclusory statement that "the amount in controversy requirement is satisfied because plaintiff is

seeking in excess of $75,000.00."   Notice ¶ 17.   But the Complaint is silent as to the value of

plaintiff's claim.   All that can be determined from the Complaint is that the plaintiff alleges that he

was "caused to sustain severe and serious personal injuries, to experience pain, to become

impaired and disabled; and to require medical treatment and care."   Compl. ¶ Fourteenth.   These

boilerplate allegations fail to sustain defendant's burden to establish that the amount in controversy

satisfies the jurisdictional threshold.   See Correa v. YRC Worldwide Inc., 19-CV-1564 (CBA),

2019 WL 1649945, at *1-2 (E.D.N.Y. Mar. 28, 2019), adopted, 2019 WL 1643541 (E.D.N.Y.

Apr. 16, 2020); Perez v. Smith, 19-CV-2085 (RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3,

2019) (adopting recommendation to remand *sua sponte*); Remy v. Savoie, No. 17-CV-00663

(DLI)(RER), 2017 WL 639251, at *3 (E.D.N.Y. Feb. 16, 2017).   Similarly, the allegation that

plaintiff has been damaged in an amount that exceeds "the jurisdictional limitations of all inferior

Courts," Compl., Wherefore clause, does not satisfy the monetary threshold for diversity

jurisdiction, since the jurisdictional limitation of the lower civil courts of New York is $25,000,

see Daversa v. Cowan Equip. Leasing, LLC, No. 20-CV-0163 (WFK), 2020 WL 1866585, at *1

(E.D.N.Y. Jan. 14, 2020), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Correa, 2019

WL 1649945, at *1.

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint,

and the defendant's notice of removal fails to allege facts adequate to establish that the amount in

controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis

for removing the plaintiff's action from state court."   Lupo, 28 F.3d at 273-74.   As defendant

here has failed to satisfy its burden in this regard, the District Court should remand the action.

See Islam v. Hertz Vehicles, LLC, 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2

(E.D.N.Y. Oct. 5, 2020) ("Defendant[s] cannot meet [their] burden by relying on inferences

drawn from [Plaintiff's Complaint], because the Complaint does not allege a damages amount.")

(internal quotation marks and citation omitted); Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824

(DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("barebones, general pleading

does not suffice to establish that this action involves an amount in controversy adequate to support

federal diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded

*sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable

Rachel P. Kovner on or before **December 21, 2020**.   Failure to file objections in a timely manner

may waive a right to appeal the District Court order.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated: Brooklyn, New York**
       **December 7, 2020**

/s/     *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

-3-